UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD ARTHUR NORMAN                        CIVIL ACTION

VERSUS                                        NO: 13-6690

ODYSSEA MARINE, INC.                          SECTION: "A" (4)

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 52)** filed by defendants Odyssea Vessels, Inc. and Samsung Fire & Marine Insurance Co., Ltd. Plaintiff Richard Norman opposes the motion. The motion, noticed for submission on November 5, 2014, is before the Court on the briefs without oral argument.[1] For the reasons that follow, the motion is DENIED.

## I.   Background

On February 20, 2013, Richard Norman was relief captain for the M/V MR. SAM, an offshore tugboat owned and operated by Defendants. On that date, Captain Norman was ascending the ladder that leads to the roof of the wheelhouse deck on the MR. SAM. Norman fell from the ladder as he attempted to transition from gripping the rungs of the ladder to gripping the vertical stringers. (Rec. Doc. 59, Opposition at 2). Norman's right hand slipped from the ladder's outer railing causing him to fall on his buttocks. (UMF # 6). Norman's fall was about ten feet to the deck below and he sustained a severe injury to his lumbar spine.

Norman's complaint alleges that his injury was caused by Defendants' Jones Act negligence and the unseaworthiness of the MR. SAM. Norman also makes a claim for

---

[1] Plaintiff requested oral argument but argument would not be helpful in light of the issues presented.

1

maintenance and cure, along with attorney fees and punitive damages related to that claim. (Complaint ¶ VIII).

A bench trial is scheduled to commence on August 3, 2015.

Via the instant motion Defendants move for judgment as a matter of law on all causes of action. Defendants contend that Norman cannot prevail on his claims because this is a case of pure accident, or alternatively, sole fault of Norman.

## II.  Discussion

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

Defendants argue generally that the ladder's design was not unusual and not unlike

that used on other similar vessels. Defendants submit reports from two experts in support of these contentions. (Rec. Doc. 52, Defendant's Exhibits A & D).

Norman counters with his own expert report and not surprisingly his expert reaches contrary conclusions. (Rec. Doc. 59, Norman's Exhibit 9).

In addition to the opinions of their experts, Defendants posit that the vessel was ABS class certified and had passed a Coast Guard inspection in June 2012. (UMF # 13 & 14). But the documentation that Defendants provide in conjunction with these inspections mentions nothing about the ladder in question. Defendants are not entitled to judgment as a matter of law on the Jones Act and unseaworthiness claims.

Regarding the claim for maintenance and cure, Defendants advise that Odyssea Marine, Inc. has paid Norman lost wages and maintenance and cure since the time of the accident through the present day, rendering the maintenance and cure claim essentially a "placeholder" claim. (UMF # 15 & 16; Rec. Doc. 52-1, Memorandum at 9). Norman has not opposed this aspect of Defendants' motion so it will be granted.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 52)** filed by Defendants is **GRANTED IN PART** as to the claim for maintenance and cure and **DENIED** in all other respects.

December 9, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE